UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Wendell Wilkins, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| vs. | ) C/A No. 6:12-1592-RMG-KFM ) |
| William Byars, Director of SCDC; | ) |
| Lt. Dwayne Brown - ECI Staff; | ) **Report and Recommendation** |
| Lt. Martain - ECI Staff; | ) **for Partial Summary Dismissal** |
| Lt. Braboy - ECI Staff; | ) |
| Warden Willie Eagleton[1], Warden of ECI, | ) ) |
| Defendants. | ) |

Wendell Wilkins ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names state employees as defendants.[2] Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as to defendants William Byars and Willie Eagleton. In a separately docketed order, the undersigned has authorized service against defendants Brown, Martain, and Braboy.

---

[1] Plaintiff's handwriting could be interpreted as identifying this defendant as Willie Engleton or Willie Eagleton. The correct spelling of this defendant's name is Warden Willie Eagleton.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## FACTS PRESENTED

The complaint claims that correctional Officers Brown, Martain, and Braboy used excessive force against Plaintiff during a strip-search on April 18, 2012. ECF No. 1, page 3. Plaintiff alleges that he suffered a split lip and chipped front tooth during the incident. *Id.* at 4. The complaint further alleges that the defendants then placed Plaintiff in a cell with no clothing or mattress for nine days and denied him medical treatment. *Id.* at 5. Plaintiff received medical attention for his injuries on May 22, 2012. *Id.* Defendant Eagleton is named for failing to respond to Plaintiff's "requests" about the incident. *Id.* Plaintiff provides no factual allegations against defendant Byars. The complaint seeks monetary damages. *Id.* at 6.

## APPLICABLE LAW AND ANALYSIS

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Hallman v. Metts*, 6:10-2518-RMG-KFM, 2012 WL 444055, at *5 (D.S.C. Jan. 19, 2012).

While Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against defendants Brown, Martain, and Braboy, the complaint provides no facts to demonstrate that defendants Byars and Eagleton were personally involved in the alleged excessive force incident on April 18, 2012. Nor does the complaint allege that defendants Byars and Eagleton personally denied Plaintiff medical treatment for his alleged injuries. Instead, Plaintiff states only that defendant Eagleton failed to respond to Plaintiff's written requests regarding the incident. To the extent the complaint may be alleging that defendant Eagleton failed to process Plaintiff's institutional grievances, Plaintiff has no constitutional right to a prison grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure). Thus, Plaintiff fails

3

to state a cognizable § 1983 individual capacity claim against defendants Byars and Eagleton.

Liberally construed, Plaintiff could also be alleging a claim of supervisory liability against defendants Byars and Eagleton. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). However, supervisory officials may be held liable for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan,* 737 F.2d at 373. The complaint provides no facts to demonstrate that defendants Byars and Eagleton were aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff or were deliberately indifferent to any such risk. Therefore, defendants Byars and Eagleton are not liable in their capacity as supervisors, and the complaint against them should be dismissed.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to defendants William Byars and Willie Eagleton.

June 27, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).