UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendell Wilkins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:12-1592-MGL |
| v. ) | |
| ) | |
| ) | |
| William Byars, Director of SCDC; ) | |
| Lt. Dwayne Brown - ECI Staff; ) | OPINION AND ORDER |
| Lt. Martain - ECI Staff; ) | |
| Lt. Braboy - ECI Staff; ) | |
| Warden Willie Eagleton, Warden ) | |
| of ECI, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Wendell Williams an inmate at Evans Correctional Institution ("ECI") filed this civil rights action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915 on June 14, 2012. (ECF No. 1). In his *pro se* complaint, Plaintiff names Correctional Officers, Lt. Dwayne Brown ("Brown"), Lt. Martain ("Martain"), Lt. Brayboy ("Brayboy"), Williams Byars ("Byars") Director of the South Carolina Department of Corrections and Willie Eagleton ("Eagelton") Warden of ECI as defendants. This matter is now before the Court upon Plaintiff's objections to the United States Magistrate Judge's Report and Recommendation ("Report"), which recommends that this Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted as to Defendants Byars and Eagleton and allowing the case to proceed against the remaining defendants. (ECF No. 11.)

1

BACKGROUND

In the underlying matter, Plaintiff contends that Defendants Brown, Martain and Braboy used excessive force against Plaintiff during a strip-search on April 18, 2012. (ECF No. 1 at 3.) Plaintiff alleges that he suffered a split lip and chipped front tooth during the strip-search. (*Id.* At 4.) Plaintiff further alleges that Defendants placed Plaintiff in a cell with no clothing or mattress for nine days and denied him medical treatment. (Id. at 5.) Plaintiff asserts that Defendant Eagleton failed to respond to Plaintiff's "requests" concerning the strip-search. (*Id.*) Plaintiff seeks monetary damages. (*Id.*)

STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

ANALYSIS

As noted above, Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Supreme Court has held:

> [T]he *in forma pauperis* statute, unlike Rule 12(b)(6), accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (internal quotation omitted). Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's complaint and recommended that it be dismissed for failure to state a claim on which relief could be granted as to Defendants Byars and Eagleton. The Magistrate Judge found *inter alia* that the complaint provides no facts to demonstrate that Defendants Byars and Eagleton were personally involved in the alleged excessive force incident on April 18, 2012. The Magistrate Judge also found that the complaint does not allege that Defendants Byars and Eagleton personally denied Plaintiff medical treatment for his alleged injuries. (ECF No. 11 at 3.) On July 9, 2012, Plaintiff filed timely objections to the Recommendation. (ECF No. 24.)

Applying the requisite liberal standard to the Plaintiff's *pro se* objections, this Court construes Plaintiff's objections as a Motion to Amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a) declares that leave to amend "shall be freely given

3

when justice so requires." Fed.R.Civ.P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir.1999). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*; see also Gordon v. Leeke, 574 F.2d 1147, 1152–53 (4th Cir.1978) ("What might be a meritorious claim on the part of a *pro se* litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). The Court has discretion to grant or deny the motion to amend; however, "outright refusal to grant the leave without any justifying reason appearing for the denial" is an abuse of discretion and "inconsistent with the spirit of the Federal Rules." *Id.*

Out of an abundance of caution and in light of the liberal construction accorded to *pro se* pleadings, the Court concludes that Plaintiff's Objections should be construed as a Motion to Amend the Complaint, and should be granted as such.

## CONCLUSION

For the foregoing reasons, the Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The Court declines to follow the Magistrate Judge's Recommendation that Plaintiff's complaint be dismissed as to Defendant Eagleton. Instead, Plaintiff is GRANTED leave to amend his complaint to assert factual allegations in support of the claims outlined in his objections as to Defendant Eagleton. Any amended complaint must be filed within Fifteen (15) days of the filing of this order. If Plaintiff does not file the amended complaint, this

case will be dismissed without prejudice as to Defendant Eagleton. The Court accepts the Magistrate Judge's Recommendation that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process as to Defendant Byars. This matter is recommitted to the Magistrate Judge for further handling consistent with this order.

    IT IS SO ORDERED.


                                        <u>/s/ Mary G. Lewis</u>
                                        United States District Judge

October 31, 2012
Spartanburg, South Carolina

5