UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendell Wilkins, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 6:12-1592 |
| v. | ) |
| William Byars, Director of SCDC; | ) |
| Lt. Dwayne Brown - ECI Staff; | ) OPINION AND ORDER |
| Lt. Martain - ECI Staff; | ) |
| Lt. Braboy - ECI Staff; | ) |
| Warden Willie Eagleton, Warden of ECI, | ) |
|     Defendants. | ) |

This matter is before the Court on Plaintiff Wendell Williams' ("Plaintiff") objections to this Court's October 31, 2012, Order accepting in part and denying in part the Recommendation of the Magistrate Judge. (ECF No. 55.) In that order, the Court accepted the Magistrate Judge's Recommendation that Defendant William Byars ("Defendant Byars") be dismissed however, after review of Plaintiff's objections, the Court declined to follow the Magistrate Judge's Recommendation that Defendant Willie Eagleton be dismissed. The Court construed Plaintiff's objections as a motion to amend his complaint as to Defendant Willie Eagleton (Defendant Eagleton). The Court directed Plaintiff to file an amended complaint alleging sufficient factual allegations against Defendant Willie Eagleton within fifteen days of entry of the Court's Order. (ECF No.55.) The Court now construes Plaintiff's "Objections to Opinion and Order" as Motion to Alter or Amend this Court's prior order.

Federal Rule of Civil Procedure 59(e) provides that:

1

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). Thus, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.' " *Id.* (*quoting Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (*quoting* 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

Plaintiff's motion to Alter or Amend asks this Court to reconsider its decision dismissing Defendant Byars. Upon review, this Court finds that plaintiff has not sufficiently demonstrated a basis for relief under Fed.R.Civ.P. 59(e).

Finally, Plaintiff has not filed an amended complaint as directed in this Court's October 31, 2012, order (ECF No. 55.) The Court advised Plaintiff that if he did not file an amended complaint

setting forth sufficient facts to assert a cause of action against Defendant Eagleton, the Court would dismiss Defendant Eagleton. Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate Judge (ECF No. 11), Defendant Willie Eagleton is Dismissed.

Upon consideration, Plaintiff's motion for reconsideration is DENIED. Further Defendant Willie Eagleton is hereby **DISMISSED** without prejudice and without issuance of process.

IT IS SO ORDERED.

<u>/s/ Mary G. Lewis</u>
United States District Judge

November 27, 2012
Spartanburg, South Carolina